Per Curiam.

The defendants do not pretend that there was any charter-party showing the exact terms of the contract alleged to have been made between them and Joshua Atkins, the master of the schooner. But it is settled law in this Commonwealth, that a vessel may be chartered by parol, that the parol charterer, and not the general owner, is answerable to the shipper of goods, and that in this respect, when the general owner is to receive of the charterer a proportion of the profits for the use of the vessel, it is the same thing as if he was to receive a determinate sum, it being only the means of ascertaining the amount of the compensation. Cutler v. Winsor, 6 Pick. 335 ; Perry v. Osborne, 5 Pick. 422.
We are to consider then, whether the defendants are exonerated from responsibility, on the ground of having let the *434 vessel. And upon this point we are of opinion, that the questl0n °f fact was properly left to the jury, and that the Usage was admissible in ■ evidence to explain the act of the owners, and to enable the jury to determine whether that act amounted to a letting to hire, or to an appointment of a master. It was argued that this was not an ancient usage ; but that is im*material. The question is, whether the parties contracted with reference to it; and in this view, the fact of its being well established, so as to be generally known to persons engaged in this course of business, is of importance, but not its antiquity. We cannot perceive that the verdict is not right, and so far therefore the owners appear not to be answerable to the plaintiff.[1]
But then it is objected, that the vessel was chartered to minor, and so the general owners are liable. We think t would be extremely difficult to sustain this proposition, lc would be to declare the contract with the minor an absolute nullity. Now the rule in regard to the contracts of a minor, and which was established for his protection, is, that they are voidable, not void ; they are valid as against- the party of full age, but may be avoided by the minor. Here the contract of hiring being good as against the general owners of the vessel, and not having been avoided by the minor, it could not be avoided by a stranger. The hirer became owner pro hac vice, and persons dealing with him did so as with a minor. But if the hiring were a nullity, it is doubtful whether the defendants could be liable, the vessel not being in fact employed on their account, and the minor being a wrong-doer, a trespasser. We do not however put the cause on this ground, but on the ground of the hiring being voidable and not void, and not avoided by the minor.[2]
*435 The question whether an infant can he master of a vessel, need not be determined in this cause.

Judgment according to the verdict.

 See Leach v. Perkins, 5 Shepl. 462; Donnell v. Columbian Ins. Co. 2 Sumner, 366; Schooner Reeside, ibid. 567; Macomber v. Parker, 13 Pick. 175, Dwight v. Whitney, 15 Pick. 179; Coggeshall v. American Ins. Co. 3 Wend. 283; Dolby v. Hirst, 1 Bred. & Bingh. 224; Taylor v. Briggs, 2 Carr. & P. 525; Smith v. Wilson, 3 Barn. & Aid. 728; Stultz v. Dickey, 5 Binney, 287; Renner v. Bank of Columbia, 9 Wheat. 581 ; Cooper v. Kane, 19 Wend. 386; Bliss v. Mayo, 10 Vermont R. 56; Williams v. Gilman, 3 Greenl. 281; Eager v Atlas Ins. Co. 14 Pick. 141.

 A conveyance of real estate by an infant is valid as against an attachment *435 made after he came of age, by one of his creditors, such conveyance having been neither avoided nor confirmed by him. Kendall v. Lawrence, 22 Pick. 540. See also Bool v. Mix, 17 Wend. 119.